IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MARKOWITZ**, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | 2:20cv1311 |
| | ) | **Electronic Filing** |
| **WILLIAM NICHOLSON**, **ROBERT** | ) | |
| **GILMORE**, **JAMES FETTERMAN**, | ) | |
| **SHARON CPLAIZZI**, and | ) | |
| **DR. TIMOTHY KROSS,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 22nd day of March, 2023, upon due consideration of 1) defendants Sharon Colaizzi, CRNP, James Fetterman, CRNP, and Dr. Timothy Kross' motion for summary judgment and the parties' submissions in conjunction therewith and 2) the Report and Recommendation of the Magistrate Judge addressing the same and [114] plaintiff's objections thereto, and after *de novo* review of the record, IT IS ORDERED that [92] defendants' motion for summary judgment be, and the same hereby is, granted.  The [110] Report and Recommendation of the Magistrate Judge as augmented therein is adopted as the opinion of the court.

Plaintiff's objections are without merit.  Plaintiff conflates a showing that the medical prison officials were aware that he was complaining that the prescribed alternative course of pain medication was not providing him with the level of relief he desired with a showing that the medical officials had a basis to believe or were aware that they were "mistreating (or not treating)" his serious medical needs.  Pearson v. Prison Health Services, 850 F.3d 526, 543 (3d Cir. 2017).  In this regard, plaintiff has not come forward with competent evidence to show that the medical practitioners deliberately were mistreating or not treating the multifaceted

components of his condition producing long term pain and were subjecting him to a course of treatment for sadistic or other non-medical reasons.  As exemplified by the record, medical judgment in such a setting often involves taking into account all of an individual's needs in formulating an effective course of treatment.  And as discussed in more detail in the Magistrate Judge's report and recommendation, the record here lacks sufficient evidence to meet the required level of scienter needed to prove the medical defendants were engaging in deliberate indifference in a manner that involved an "unnecessary and wanton infliction of pain."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  Consequently, these defendants are entitled to summary judgment; and

  IT FURTHER IS ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if plaintiff desires to appeal from this Order she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

               <u>s/David Stewart Cercone</u>
               David Stewart Cercone
               Senior United States District Judge

cc: The Honorable Cynthia Reed Eddy,
   United States Magistrate Judge

  Annamarie Truckley, DAG
  Scott A. Bradley, SDAG
  Benjamin M. Lombard, Esquire
  Samuel H. Foreman, Esquire

  (*Via CM/ECF Electronic Mail*)

  MICHAEL MARKOWITZ
  AP-8211
  SCI Greene
  169 Progress Drive
  Waynesburg, PA 15370

  (via U.S. First Class Mail)